[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13743
Non-Argument Calendar
_____

D.C. Docket Nos. 9:11-cr-80010-KAM; 9:12-cv-80945-KAM


KAY E. DAUPHIN,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 16, 2015)

Before HULL, ROSENBAUM and KRAVITCH, Circuit Judges.

PER CURIAM:

        Kay Dauphin, a federal prisoner serving a 120-month total sentence for bank

robbery by force and brandishing a firearm during a crime of violence, appeals the

district court's denial of his *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255.   After a thorough review, we conclude that the district court erred under § 2255(f)(4) because, after determining that Dauphin had not exercised due diligence in discovering that his attorney had failed to file an appeal, the court did not consider whether Dauphin had filed his § 2255 motion within one year of when a reasonable person in his situation, acting with due diligence, would have discovered that no appeal had been filed.  As such, we vacate the court's denial of Dauphin's § 2255 motion as time-barred, and remand the case for further proceedings consistent with this opinion.

I.

In 2011, Dauphin pleaded guilty to bank robbery by force, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  He received a total sentence of 120 months' imprisonment.  Dauphin did not file an appeal and his convictions became final on July 27, 2011.

Dauphin filed his instant § 2255 motion on August 28, 2012, alleging, *inter alia*, that he was denied effective assistance of counsel because his attorney failed to follow his instructions to file an appeal.  He maintained that the limitations period was subject to equitable tolling until July 2012, when he discovered that defense counsel had not filed an appeal.  Dauphin explained that he had instructed

2

his attorney to file an appeal and he did not discover that his attorney had failed to do so until "nearly a year later." In any event, he argued that he filed his § 2255 motion "just a little over a month" after the one-year deadline, and "[u]nder any circumstance[s,] a 30 day delay in discovering that an appeal was not filed is not unreasonable[.]" Thus, his § 2255 motion should be considered timely under § 2255(f)(4).

The magistrate judge issued a report and recommendation (R&R), concluding that Dauphin's § 2255 motion was time-barred because it was filed more than one year after the deadline for filing an appeal. In analyzing whether Dauphin's § 2255 motion was timely under § 2255(f)(4), the magistrate judge determined that, even if all of his allegations were taken as true, Dauphin did not demonstrate that he had exercised due diligence in discovering that his attorney had failed to file an appeal because he had not explained why he had waited until seven months after his last contact with counsel in December 2011 to check on the status of his appeal. Overruling Dauphin's objections, the district court adopted the magistrate judge's R&R and further denied Dauphin a certificate of appealability (COA).

This court granted a COA on the issue of whether the district court procedurally erred by failing to consider if Dauphin's motion to vacate was timely under 28 U.S.C. § 2255(f)(4) with respect to his claim that his defense counsel was

3

ineffective for failing to file a direct appeal after being instructed to do so. The instant appeal followed.

## II.

As a preliminary matter, we must consider whether the COA issued in this case was defective. *See* 28 U.S.C. § 2253(c)(1)(B), (2) (noting that neither an appellate court nor a district court judge may issue a COA of a final order in a § 2255 proceeding unless the applicant has made a substantial showing of the denial of a constitutional right). The COA "shall indicate which specific issue or issues satisfy the showing required." *Id.* § 2253(c)(3).

Recently, we concluded that the COA issued in a § 2255 proceeding was defective because it failed to identify an underlying constitutional issue, as required by § 2253(c)(3). *Spencer v. United States*, 773 F.3d 1132, 1137-38 (11th Cir. 2014) (*en banc*). Nonetheless, we declined to vacate the COA and considered the merits of the appeal because (1) the parties already had litigated the issues before the district court and briefed and orally argued the issues before a panel of this court and then *en banc*; (2) the *en banc* court heard argument by an *amicus curie*; and (3) both parties urged the court not to vacate the defective COA. *Id.* But this court further cautioned:

> We will not be so lenient in future appeals when a certificate fails to conform to the gatekeeping requirements imposed by Congress. Going forward, a certificate of appealability, whether issued by this Court or a district court, must specify what constitutional issue jurists

4

of reason would find debatable.  Even when a prisoner seeks to appeal a procedural error, the certificate must specify the underlying constitutional issue . . . .  A failure to specify that issue would violate the text enacted by Congress, *see* 28 U.S.C. § 2253(c)(3), and will result in the vacatur of the certificate.

*Id.* at 1138.

Here, neither party has addressed the sufficiency of the COA.  *Spencer* makes clear that the COA in this case is defective under § 2253(c)(3) because it does not specify an underlying constitutional issue jurists of reason could find debatable.  *See id.*  Given that the parties have already fully briefed the relevant constitutional issues on appeal, however, we expand the COA to conform with *Spencer* as follows:

Whether the district court erred in failing to consider if Dauphin's motion to vacate was timely under 28 U.S.C. § 2255(f)(4) because defense counsel's failure to file a timely notice of appeal, after being instructed to do so, resulted in the denial of Dauphin's Sixth Amendment right to effective assistance of counsel.

III.

Turning to the merits, Dauphin argues that the district court erred by conflating its determination that he was not entitled to equitable tolling of the limitations period, as calculated under § 2255(f)(1), with its determination of the limitations period under § 2255(f)(4).  He maintains that, although the district court determined that he had not exercised due diligence in discovering that his attorney had failed to file an appeal, according to § 2255(f)(4), the limitations period began

5

on the date that a hypothetical, rational prisoner, exercising a reasonable degree of due diligence, would have discovered that fact. Due to the conditions of prison life, Dauphin asserts that a presumption that a prisoner could not have discovered the non-filing of an appeal until 90 days after sentencing should apply.

We review *de novo* the district court's determination that a § 2255 motion to vacate is time-barred. *Jones v. United States*, 304 F.3d 1035, 1037 (11th Cir. 2002).

A prisoner in custody under a federal sentence may move the district court to vacate, set aside, or correct his sentence on the ground that: his sentence was imposed in violation of the Constitution or federal law; the district court lacked jurisdiction to impose the sentence; the sentence exceeded the maximum authorized by law; or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run, relevant to this appeal, from the latest of:

> (1)　the date on which the judgment of conviction becomes final;
>
> …
>
> (4)　the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f).  If a criminal defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a notice of appeal expires. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).

In *Aron v. United States*, we explained that, under § 2255(f)(4), the statute of limitations "is triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts."  291 F.3d 708, 711 (11th Cir. 2002).  In conducting the inquiry under § 2255(f)(4), the district court should first consider whether the petitioner exercised due diligence.  *Id.*  If the court finds that he did so, then the one-year limitations period begins to run on the date he actually discovered the relevant facts because the dates of actual and possible discovery would be identical.  *Id.*  But:

> [I]f the court finds that the petitioner did *not* exercise due diligence, the statute does not preclude the possibility that the petitioner's motion could still be timely under § 2255[f](4).  For example, if the court concludes that, with the exercise of due diligence, the relevant facts could have been discovered two months earlier than the petitioner (who it finds did not exercise due diligence) actually discovered them, then the motion would still be timely if filed within ten months of the date of actual discovery.

*Id.* (emphasis in original).  Accordingly, if the district court finds that the petitioner did not exercise due diligence, it is required to speculate about the date on which the facts could have been discovered with the exercise of due diligence. *Id.* at 711 n.1.

Due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Id*. at 712. The due diligence inquiry is an individualized inquiry that "must take into account the conditions of confinement and the reality of the prison system." *Id.* (citation omitted).

In this case, the district court found that Dauphin did not exercise due diligence in discovering that his attorney had failed to file an appeal. But the court ended its inquiry there without considering when that fact could have been reasonably discovered with the exercise of due diligence, and using that date as the starting date for the limitations period under § 2255(f)(4). *See Aron*, 291 F.3d at 711 & n.1.[1]

Although there is no support in our case law for Dauphin's contention that he was entitled to a presumption that a reasonable person in his situation, exercising due diligence, would not have been able to discover that his attorney did not file an appeal until 90 days after sentencing or the appeal-filing deadline, it does seem that a reasonable person, particularly a prisoner, would require some amount of time after the appeal-filing deadline to realize that no appeal had been

---

[1] The magistrate judge's reliance on our unpublished decision in *Tucker v. United States*, 249 F. App'x 763 (11th Cir. 2007) (unpublished), to the extent it is persuasive, seems misplaced. In *Tucker*, the magistrate judge concluded, after an evidentiary hearing, that a reasonable person in the petitioner's situation could have discovered that no appeal had been filed at any time after the appeal-filing deadline by contacting the court or his lawyer. *Id.* at 766. But in Dauphin's case, the magistrate judge made no such finding, and the court held no evidentiary hearing.

filed.  But the district court made no determination as to what amount of time was reasonable in Dauphin's situation, and it made no determination as to whether Dauphin's § 2255 motion was filed within one year of the date on which that discovery would reasonably have been made.  *See* 28 U.S.C. § 2255(f)(4); *Aron*, 291 F.3d at 711 & n.1.

Accordingly, we vacate the district court's denial of Dauphin's § 2255 motion as time-barred and remand the case so the district court may conduct the proper inquiry under § 2255(f)(4).

**VACATED AND REMANDED**.